[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action, which are two appeals from two separate Orders and Decrees, the first dated December 4, 1997, of the Probate Court for the District of Ledyard, Connecticut, accepting as filed the inventory of the Estate of Raymond L. Marshall, dated April 14, 1997; and the second also dated December 4, 1997, of the Probate Court for the District of Ledyard, Connecticut, accepting, in part, and denying, in part, the accounting dated January 7, 1997 of Plaintiff SUSAN E. MARSHALL a/k/a SUZY MARSHALL acting under an alleged Power of Attorney execute March CT Page 6616 19, 1996, by Raymond L. Marshall to SUSAN E. MARSHALL a/k/a SUZY MARSHALL.
The court, having heard the parties on April 24, 2001 finds that Raymond L. Marshall, on March 19, 1996 and for 24 hours prior thereto, and thereafter until his death on May 22, 1996, was mentally incompetent.
The court, therefore, dismisses the Plaintiffs first Appeal and upholds the Order and Decree dated December 4, 1997, of the Probate Court for the District of Ledyard, Connecticut, accepting as filed the inventory of the Estate of Raymond L. Marshall, dated April 14, 1997.
With respect to the second Appeal of the Order and Decree dated December 4, 1997, of the Probate Court for the District of Ledyard, Connecticut, accepting, in part, and denying, in part, the accounting dated January 7, 1997, of Plaintiff SUSAN E. MARSHALL a/k/a SUZY MARSHALL acting under an alleged Power of Attorney executed March 19, 1996, by Raymond L. Marshall to SUSAN E. MARSHALL a/k/a SUZY MARSHALL, it is affirmed in part and reversed in part as follows:
1. Because Raymond L. Marshall was mentally incompetent on March 19, 1996, the Power of Attorney he executed on March 19, 1996 to SUSAN E. MARSHALL a/k/a SUZY MARSHALL and referred to in the Decree and accounting was invalid; and
2. The action of SUSAN E. MARSHALL a/k/a SUZY MARSHALL in expending funds in the amount of $10,000.00 for Raymond Marshall's criminal defense referred to in the accounting, although not pursuant to a valid Power of Attorney, was for the best interests of Raymond Marshall and his estate and is approved, in that counsel was retained and it was subsequently determined that Raymond Marshall lacked Competence to Stand Trial for Attempt to Commit Murder stemming from an incident of March 19, 1996; and
3. The action of SUSAN E. MARSHALL a/k/a SUZY MARSHALL in expending funds in the amount of $1,011.00 for a water pump for the house at 502 Pleasant Valley Road (South), Groton, Connecticut, referred to in the accounting, although not pursuant to a valid Power of Attorney, was for the best interest of the Estate of Raymond L. Marshall and is therefore approved; and
4. Because Raymond L. Marshall was mentally incompetent on March 19, 1996, the action of SUSAN E. MARSHALL a/k/a SUZY MARSHALL acting under the invalidated Power of Attorney dated March 19, 1996 and referred to in the accounting and Decree, was not effective to transfer title to 502 CT Page 6617 Pleasant Valley Road (South), Groton, Connecticut, to the extent Raymond Marshall had an interest in those premises.
5. SUSAN E. MARSHALL a/k/a SUZY MARSHALL is ordered to return the balance of funds in the amount of $1,956.10 referred to in the accounting, which she handled during Raymond Marshall's life to the Estate of Raymond L. Marshall.
Judgment shall enter in accordance with the above without costs to any party.
 ___________________ KOLETSKY, JUDGE